JUDGE CAPRONI

14 CV 5882

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
Eric J. Gitig
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

RECEIVED
JUL 30 2014
U.S.D.C. S.D. N.Y.
CASHIERS

| | |
|---|---|
| **CONNIE PATTERSON, on behalf of herself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**RAYMOURS FURNITURE COMPANY, INC.,**<br><br>**Defendant.** | **CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff Connie Patterson ("Plaintiff" or "Patterson"), individually and on behalf of all others similarly situated, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.      This lawsuit seeks to recover overtime wages, commissions, spread-of-hours pay and other damages for Plaintiff and her similarly situated co-workers – Sales Associates, Associates, Home Furnishing Consultants, and other commissioned employees (collectively "Sales Associates") – who work or have worked for Raymours Furniture Company, Inc. ("Defendant" or "Raymours") in New York.

2.     Established in 1947, Raymours is a family owned and operated business that has become one of the largest furniture retailers in the country.  The company currently operates over one hundred Raymour & Flanigan Furniture stores across the northeast United States (including 51 stores in New York), employs over 4,000 people, and generates annual sales of over $1 billion.

3.     Raymours' success, however, has come at the expense of its Sales Associates, from whom the company has withheld overtime wages and commissions.

4.     Throughout Plaintiff's employment, it was Raymours' policy and practice to deny Sales Associates overtime wages for hours worked in excess of 40 per workweek.

5.     Plaintiff and other Sales Associates were not properly exempt as retail salespeople from the overtime pay requirements under federal or state law.  Although Sales Associates were paid on a commission basis, there were periods when less than half of their compensation represented commissions.   Additionally, there were workweeks when Sales Associates' total compensation did not always exceed time and one-half the minimum wage for each hour worked.

6.     Throughout Plaintiff's employment, Raymours required Sales Associates to work many hours during which they had no opportunity to earn commissions.  For example, Sales Associates were routinely required to attend weekly staff meetings in the store to discuss matters related to their employment.  Sales Associates were not compensated for time spent attending meetings even though there was no possibility of earning commissions.  Defendant also required Sales Associates to "Maintain [Their] Area of Pride" – which involved "the hanging of tags, housekeeping, accessorizing, and any other duties assigned to the associate by management personnel" – and participate in weekly one-on-one meetings with management.

7.     Throughout Plaintiff's employment, it was Raymours' policy and practice to deny Sales Associates earned commissions.

8.      Sales Associates at Raymours are paid pursuant to a commission agreement whereby they receive commissions on the "Gross Profit" of each sale.  The commission agreement does not define "Gross Profit," nor does it identify the costs that Raymours may include when calculating the Gross Profit of an item.

9.      Black's Law Dictionary defines "Gross Profit" as: "Total sales revenue less the cost of the goods sold, no adjustment being made for additional expenses and taxes." Black's Law Dictionary (9th ed. 2009).  Based on this definition, Sales Associates at Raymours should have been paid commissions on the difference between the price paid by the customer and the price paid by Raymours, not including additional expenses for shipping, advertising, customer service, overhead, etc.

10.     In an effort to unlawfully reduce commissions earned by Sales Associates, Raymours incorrectly calculated Gross Profits.  Among other things, Raymours reduced Gross Profits by incorporating costs that should not have been part of the Gross Profit calculation, including but not limited to costs for post-sale expenses such as gift cards, customer discounts, and/or customer gifts.  The inclusion of additional expenses in the calculation of Gross Profits was neither permitted pursuant to any written commission agreement, nor authorized by Sales Associates.

11.     Upon information and belief, Raymours also unlawfully reduced Sales Associates' commissions by misrepresenting its costs.

12.     Throughout Plaintiff's employment, Defendant failed to furnish Sales Associates with proper wage notices, wage statements, or commission statements.  For example, commission statements failed to identify Raymours' cost, sale price, and Gross Profit for each item sold.

13.     Defendant has applied the same employment policies, practices, and procedures to all Sales Associates.

14.     Plaintiff brings this action on behalf of herself and all similarly situated current and former Sales Associates who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendant that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

15.     Plaintiff also brings this action on behalf of herself and all similarly situated current and former Sales Associates pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

### Plaintiff

**Connie Patterson**

16.     Patterson is an adult individual who is a resident of Owego, New York.

17.     Patterson was employed by Defendant as a Sales Associate from in or around May 2005 to February 2, 2014.  During her employment, Patterson worked at Defendant's Johnson City store, located at 220 Reynolds Road, Johnson City, NY 13790.

18.     Patterson is a covered employee within the meaning of the FLSA and NYLL.

19.     A written consent form for Patterson is being filed with this Complaint.

### Defendant

**Raymours Furniture Company, Inc.**

20.     Raymours has owned and/or operated the Raymour & Flanigan Furniture stores in New York during the relevant period.

21.     Raymours is a domestic business corporation organized and existing under the laws of New York.

22.     According to the New York State Department of State – Division of Corporations, Raymours' principal executive office is located at "7230 MORGAN ROAD, LIVERPOOL, NEW YORK, 13088."

23.     Raymours is the entity that appeared on Plaintiff's paystubs and W-2 statements.

24.     Raymours is a covered employer within the meaning of the FLSA and NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

25.     At all relevant times, Raymours has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

26.     Raymours has applied the same employment policies, practices, and procedures to all Sales Associates, including policies, practices, and procedures with respect to payment of overtime wages and commissions.

27.     At all relevant times Raymours' annual gross volume of sales made or business done was not less than $500,000.00.

## JURISDICTION AND VENUE

28.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

29.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

30.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

31.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Raymours operates many stores and employs hundreds of class members in this district.

## COLLECTIVE ACTION ALLEGATIONS

32.     Plaintiff brings the First Cause of Action, a FLSA claim, on behalf of herself and all similarly situated persons who work or have worked as Sales Associates, who elect to opt-in to this action (the "FLSA Collective").

33.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

34.     Consistent with Defendant's policy and pattern or practice, Plaintiff and the FLSA Collective were not paid the appropriate premium overtime wages for all hours worked beyond 40 per workweek.

35.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

36.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

> (a) willfully failing to pay its employees, including Plaintiff and the FLSA Collective, the appropriate premium overtime wages for all hours worked in excess of 40 hours in a workweek; and
>
> (b) willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendant.

37.     Defendant's unlawful conduct, as described in this Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly compensate Plaintiff and the FLSA Collective for the overtime hours they work.

38.     Defendant is aware or should have been aware that federal law required it to pay Plaintiff and the FLSA Collective overtime premiums for hours worked in excess of 40 hours per week.

39.     Plaintiff and the FLSA Collective perform or performed the same primary duties.

40.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

41.     There are many similarly situated current and former Sales Associates who have been denied overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

42.     Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

43.     In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## CLASS ACTION ALLEGATIONS

44.     Plaintiff brings the Second, Third, Fourth, Fifth, and Sixth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked for Defendant as Sales Associates and similar employees in New York between July 30, 2008 and the date of final judgment in this matter (the "Rule 23 Class").

45.     Excluded from the Rule 23 Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at

any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

46.    The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.   Upon information and belief, the size of the Rule 23 Class is at least 100 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendant.

47.    Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

48.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)  whether Defendant violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor Regulations;

(b)  whether Defendant correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

(c)  whether Defendant failed to pay Plaintiff and the Rule 23 Class all monies earned in accordance with a commission agreement, as required by the NYLL;

(d)  whether Defendant failed to provide Plaintiff and the Rule 23 Class with spread-of-hours pay when the length of their workday was greater than 10 hours;

(e)  whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the NYLL;

(f)  whether Defendant failed to furnish Plaintiff the Rule 23 Class with wage notices, as required by the NYLL;

(g)  whether Defendant failed to furnish Plaintiff and the Rule 23 Class with accurate earnings statements with every payment of wages, as required by the NYLL;

(h) whether Defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(i) the nature and extent of class-wide injury and the measure of damages for those injuries.

49. The claims of Plaintiff are typical of the claims of the Rule 23 Class she seeks to represent. Plaintiff and all of the Rule 23 Class members work, or have worked, for Defendant as Sales Associates in New York. Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the NYLL, including to be properly compensated for the overtime hours they work, to be paid the commissions they earn, and to be paid spread-of-hours pay. Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL. Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct.

50. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiff understands that as class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff recognizes that as class representative, she must represent and consider the interests of the class just as she would represent and consider her own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the class. Plaintiff recognizes that any resolution of a class action must be in the best interest of the class. Plaintiff understands that in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiff and the Rule 23 Class members.

51.     In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

52.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's violations of the NYLL, as well as its common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual Plaintiff lacks the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

53.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFF'S FACTUAL ALLEGATIONS

54.     Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Connie Patterson**

55.     Defendant did not pay Patterson the proper overtime wages and spread-of-hours pay for all of the time that she was suffered or permitted to work each workweek.

56.     The hours worked by Patterson were generally recorded by Defendant and reported on Patterson's paystubs.

57.     Defendant suffered or permitted Patterson to work over 40 hours per workweek during periods when less than half of her compensation represented commissions.

58.     Defendant suffered or permitted Patterson to work over 40 hours per workweek during periods when Patterson did not receive at least time and one-half the minimum wage rate for all hours worked.

59.     Defendant required Patterson to work many hours during which she had no opportunity to earn commissions.  For example, Patterson was routinely required to attend weekly staff meetings in the store to discuss matters related to their employment.  Patterson was not compensated for time spent attending meetings even though there was no possibility of earning commissions.  Defendant also required Patterson to "Maintain [her] Area of Pride" – which involved "the hanging of tags, housekeeping, accessorizing, and any other duties assigned to [Patterson] by management personnel" – and participate in weekly one-on-one meetings with management.

60.     Among other weeks, Defendant failed to properly compensate Patterson for the hours she worked in excess of 40 during the following workweeks:

        (a) April 13 – April 19, 2013: Patterson worked 40.75 hours without earning any commissions; and

        (b) April 27 – May 3, 2013: Patterson worked 43.25 hours without earning any commissions;

61.     Defendant withheld from Patterson commissions she earned from selling furniture, where Defendant agreed to pay these commissions to Patterson upon performance, and where such commissions were due to Patterson in accordance with the agreed terms of her employment.

62.     Defendant paid Patterson pursuant to a commission agreement whereby she received commissions on Defendant's "Gross Profit" for the items she sold.

63.     The commission agreement entered into between Patterson and Defendant did not define Gross Profit, nor did it identify the costs that Raymours may include when calculating the Gross Profit of an item.  As such, the commission agreement failed to reduce to writing the agreed terms of employment between Patterson and Defendant.

64.     During her employment, Patterson requested information from Defendant regarding the calculation of Gross Profits on the items she sold, including wholesale receipts and bills of lading.  Defendant repeatedly declined to provide Patterson with requested information.

65.     Defendant incorrectly calculated Gross Profits on items sold by Patterson.  Among other things, Defendant reduced Gross Profits by incorporating costs that should not have been part of the Gross Profit calculation, including but not limited to costs for post-sale expenses such as gift cards, customer discounts, and/or customer gifts.  The inclusion of additional expenses in the calculation of Gross Profits was neither permitted pursuant to any written commission agreement, nor authorized by Patterson.

66.     Upon information and belief, Defendant also unlawfully reduced Patterson's commissions by misrepresenting its costs.

67.     Defendant failed to provide Patterson with additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of her workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

68.     Defendant did not keep accurate records of wages earned or of hours worked by Patterson.

69.     Defendant failed to furnish Patterson with proper wage notices, as required by the NYLL.

70.     Defendant failed to furnish Patterson with proper wage and/or earning statements with every payment of wages, as required by the NYLL.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

71. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

73. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

74. At all times relevant, Plaintiff and the members of the FLSA Collective have been employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they have been engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

75. At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 201 *et seq.*

76. At all times relevant, Defendant has been the employer of Plaintiff and the members of the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

77. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and the members of the FLSA Collective.

78. Defendant has failed to pay Plaintiff and the members of the FLSA Collective the premium overtime wages to which they are entitled under the FLSA for all hours worked beyond 40 per workweek.

79.     Defendant's unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendant is aware or should have been aware that the practices described in this Complaint are unlawful.  Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

80.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

81.     As a result of Defendant's willful violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

### SECOND CAUSE OF ACTION
**New York Labor Law – Overtime Wages**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

82.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

83.     Defendant has engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

84.     At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees of Defendant, and Defendant has been the employer of Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

85.     At all times relevant, Plaintiff and the members of the Rule 23 Class have been covered by the NYLL.

86.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant, and protect Plaintiff and the members of the Rule 23 Class.

87.     Defendant has failed to pay Plaintiff and the members of the Rule 23 Class the premium overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations for all hours worked beyond 40 per workweek.

88.     Defendant has failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the members of the Rule 23 Class.

89.     Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class the appropriate overtime wages for hours worked in excess of 40 hours per workweek, Defendant has willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

90.     Due to Defendant's willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### New York Labor Law – Unpaid Commissions
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

91.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

92.     At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees of Defendant, and Defendant has been the employer of Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

93.     The wage payment provisions of Article 6 of the NYLL and its supporting regulations apply to Defendant, and protect Plaintiff and the members of the Rule 23 Class.

94.     Defendant has failed to pay Plaintiff and the Rule 23 Class commissions earned in accordance with the agreed upon terms of their employment.

95.     Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class commissions, Defendant has willfully violated the NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

96.     Defendant has also violated NYLL Article 6, § 191(1)(c), by failing to reduce to writing the agreed terms of employment between Defendant and Plaintiff and the Rule 23 Class, and failing to furnish Plaintiff and the Rule 23 Class with accurate statements of earnings.

97.     Due to Defendant's willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendant their unpaid commissions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
### New York Labor Law – Spread-of-Hours Pay
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

98.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

99.     Defendant has failed to pay Plaintiff and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

100.     Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class spread-of-hours pay, Defendant has willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

101.    Due to Defendant's willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendant their unpaid spread-of-hours wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Proper Wage Notices**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

102.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

103.    Defendant has willfully failed to furnish Plaintiff and the members of the Rule 23 Class with wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

104.    Through its knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

105.    Due to Defendant's willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workweek that Defendant failed to provide Plaintiff and the members of the Rule 23 Class with proper wage notices, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## SIXTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Wage Statements
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

106.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

107.    Defendant has willfully failed to furnish Plaintiff and the members of the Rule 23 Class with a statement with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

108.    Through its knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

109.    Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of one hundred dollars for each workweek that Defendant failed to provide Plaintiff and the members of the Rule 23 Class with proper wage statements, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Sales Associates who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Raymours in New York. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.     Unpaid overtime compensation and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.     Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E.     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

F.     Unpaid overtime wages, commissions, spread-of-hours pay and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

G.      Statutory penalties of fifty dollars for each workweek that Defendant failed to provide Plaintiff and the members of the Rule 23 Class with proper wage notices, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

H.      Statutory penalties of one hundred dollars for each workweek that Defendant failed to provide Plaintiff and the members of the Rule 23 Class with proper wage statements, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

I.      Payment of a service award to Plaintiff, in recognition of the services she has rendered and will continue to render to the FLSA Collective and Rule 23 Class;

J.      An injunction requiring Defendant to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

K.      Prejudgment and post-judgment interest;

L.      Reasonable attorneys' fees and costs of the action; and

M.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       July 30, 2014

Respectfully submitted,

Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
Eric J. Gitig
475 Park Avenue South, 12th Floor
New York, NY 10016
Telephone: (212) 300-0375

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

*Attorneys for Plaintiff and*
*the Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against RAYMOUR FURNITURE COMPANY, INC. and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By signing and returning this consent form, I hereby designate Fitapelli & Schaffer, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.


*Connie Kay Patterson*
_____
Signature Connie Kay Patterson (Jul 24, 2014)


## Connie Kay Patterson
_____
Full Legal Name (Print)