# EXHIBIT 6

**EMPLOYMENT ARBITRATION PROGRAM**

***WHY ARBITRATE?***

Raymour & Flanigan values each of its associates, wants to have good relationships with its associates and expects that all associates will have good relationships with one another. Occasionally, however, employment-related or compensation-related disputes may arise that involve the company. Raymour & Flanigan believes that, in such circumstances, resolution of the dispute will best be achieved through a form of alternative dispute resolution conducted by a neutral arbitrator. Accordingly, Raymour & Flanigan has adopted the dispute resolution procedures set forth in the following Employment Arbitration Program ("Program"). The effective date of this Program is January 1, 2012.

**This Program is an essential element of your continued employment relationship with Raymour & Flanigan and is a condition of your employment. However, it is not a contract of employment and does not change your status as an at-will employee of Raymour & Flanigan. Your employment with Raymour & Flanigan is at-will, voluntary and for no definite period of time and nothing in this Program is a waiver by Raymour & Flanigan or by you of our respective rights under the employment-at-will doctrine. Under that doctrine, you or we may end the employment relationship at any time, for any reason, with or without notice and with or without cause.**

***WHAT DOES THE PROGRAM COVER?***

The Program covers all employment-related and compensation-related "<u>Claims</u>" between "<u>you</u>" and "<u>us</u>" (those terms are further defined below) that are asserted or pursued at any time after the effective date

of this Program, regardless of whether those Claims arose before or after the effective date of this Program and regardless of whether such Claims were initially raised before the effective date of this Program. It includes disputes that you raise regarding any compensation plans you have previously entered into with Raymour & Flanigan.

"You" means you and any other person who asserts your rights.

"We," "us," "our," "company" and "Raymour & Flanigan" means Raymours Furniture Company, Inc., d/b/a Raymour & Flanigan Furniture, and any of its parents, subsidiaries, affiliated companies, successors, assigns and any shareholders, officers, directors, agents and employees of any of the foregoing companies. It also includes our carriers, claims agents and insurance brokers of insurance policies that provide coverage for Claims, as well as any party named as a co-defendant with us in a Claim that you assert.

"Claim" and "Claims" mean any employment-related or compensation-related claims, disputes, controversies or actions between you and us that in any way arise from or relate to your employment with us or the termination of your employment with us **and** that are based upon a "legally protected right."  This includes any disputes about your hiring, firing, wages or compensation, discipline, leaves of absence, accommodations and workplace treatment as well as our policies and practices (including any pattern, practice, act or omission) relating to such matters. "Claim" means not only initial claims but also counterclaims, cross-claims and third-party claims, regardless of whether such claims seek legal, equitable or declaratory relief. Examples of such Claims include (but are not limited to) those alleging discrimination, harassment, hostile work environment, retaliation or failure to pay wages in accordance with law.

"Legally-protected right" means any right that is guaranteed to you or protected for you by statute, regulation, ordinance, constitution, contract or common law. This includes (but is not limited to) rights under:

- Title VII of the Civil Rights Act of 1964;
- the Civil Rights Acts of 1866 and 1991;
- the Rehabilitation Act of 1973;
- the Americans with Disabilities Act;
- the Age Discrimination in Employment Act;
- the Older Workers Benefit Protection Act;

- the Family and Medical Leave Act or any state leave law (including, without limitation: the Connecticut Family and Medical Leave Act; the Massachusetts Maternity Leave Act; the Massachusetts Small Necessities Leave Act; the New Jersey Family Leave Act, the Rhode Island Parental and Family Medical Leave Act; and the Rhode Island Military Family Relief Act);
- the federal Fair Labor Standards Act or any state wage and hour laws;
- the Equal Pay Act;
- the Worker Adjustment and Retraining Notification Act;
- the Federal Constitution;
- the constitution of any State or Commonwealth;
- state anti-discrimination, anti-retaliation and whistleblower laws (including, without limitation: the Connecticut Fair Employment Practices Act; the Connecticut Whistleblower Law; the Delaware Discrimination in Employment Act; the Delaware Whistleblower Law; the Massachusetts Fair Employment Practices Law; Massachusetts General Laws chapter 151B; the Massachusetts Equal Rights Act; the Massachusetts Civil Rights Act; the Massachusetts Equal Pay Act; the New Jersey Law Against Discrimination; the New Jersey Conscientious Employee Protection Act; the New York State Human Rights Law; the New York State Whistleblower Law; the Pennsylvania Human Relations Act; the Rhode Island Fair Employment Practices Act; the Rhode Island Civil Rights Act; and the Rhode Island Whistleblowers' Protection Act);
- local anti-discrimination laws, such as the New York City Human Rights Law;
- federal common law or the common law of any State or Commonwealth, whether such right is based upon contract, quasi-contract, tort or restitution theories; and
- any other federal, state or local statute, regulation or common law doctrine regarding employment discrimination, retaliation, whistleblowing, leave of absence, interference with protected rights, conditions of employment or termination of employment or payment of salary, wages, commissions, paid time off or expense reimbursements.

### *ARE ANY CLAIMS EXCLUDED?*

The term "Claim" does **not** include the following, which are for a court or agency and not an arbitrator to decide:

- claims for worker's compensation benefits (except that claims for interference with or retaliation for filing a worker's compensation claim shall be considered Claims subject to arbitration under this Program);
- claims for unemployment compensation benefits;
- claims for employee welfare (e.g., health, medical, dental, vision) or retirement benefits under the Employee Retirement Income Security Act ("ERISA") (except that claims for interference with or retaliation for exercising protected rights under ERISA shall be considered Claims subject to arbitration under this Program);
- unfair labor practice charges under the National Labor Relations Act;
- claims made in a lawsuit filed prior to the date this Program is effective;
- claims by us for unpaid debts owed to us or for the unauthorized disclosure by you of our trade secrets or confidential information; and
- disputes about the validity, enforceability, coverage or scope of this Program or any part thereof (including, without limitation, the Class Action Waiver described below).

This Program also does **not**:

- prevent you from filing or participating in charges or investigations conducted by the Equal Employment Opportunity Commission ("EEOC") and/or state and local human rights agencies, nor does it impair the ability of such agencies to investigate alleged violations of the laws they enforce; or
- waive any rights you might have under the National Labor Relations Act ("NLRA"), nor does it exclude the National Labor Relations Board from jurisdiction over disputes covered by the NLRA. Thus, the Program does not prevent you from filing an unfair labor practice charge under the NLRA, and Raymour & Flanigan will not take any prohibited action against you for filing such a charge.

In addition, this Program does **not** require Raymour & Flanigan to begin arbitration proceedings or initiate any other procedure whatsoever before taking any action regarding your employment with which you might disagree, such as coaching, counseling, warning, reprimand, suspension, investigation, discipline, demotion, changing your days or hours worked or termination.

60

***CAN I REQUIRE A CLAIM TO BE RESOLVED IN COURT?***

**No. Under this Program, you and we waive our respective rights to have a Claim decided by a court, judge, jury and, where permitted by law, an administrative agency. Instead, we agree that either you or we may require the other to arbitrate a Claim in accordance with this Program. The right to appeal the outcome of the arbitration and the right to pre-arbitration discovery are more limited in arbitration than in court. Other rights that are available in court also may not be available in arbitration.**

***HOW DO I ASSERT A CLAIM?***

If you believe you have a Claim against us, you should first give us the chance to investigate and resolve it internally before you file a demand for arbitration (the arbitration process is explained further below). **Claims should first be reported to Human Resources, through Work-As-One or to management in accordance with the anti-harassment, anti-retaliation, Open Door or other reporting policies set forth in Raymour & Flanigan's Associate Handbook.**

If you are not satisfied with our response to a Claim reported to us as set forth above and wish to have an outside party decide the Claim, you must first give our Legal Department a formal, written notice of the Claim (a "Claim Notice") and a reasonable opportunity, not less than 45 days, to resolve the Claim. You must submit the Claim Notice to Raymour & Flanigan, Legal Department, at 7248 Morgan Road, Liverpool, New York 13088, Attention: Employment Claims. Any Claim Notice you send must include your full name, address and telephone number and must be signed by you. Any Claim Notice should explain the nature of the Claim and the relief that is demanded. You must also cooperate with us by providing us with any information about the Claim that we reasonably request.

***IS THERE ANY INCENTIVE TO RESPOND TO MY CLAIM NOTICE FAIRLY?***

If you submit a Claim Notice on your own behalf (and not on behalf of any other party) in compliance with the procedures above for submitting such a Claim Notice (including the timing requirements), we refuse to provide you with the relief you request, and an arbitrator appointed under this Program subsequently determines that you were entitled to the relief you requested (or greater relief), the arbitrator shall award you at least $5,000 plus the attorney's fees to which you would otherwise be entitled under the law.

If, however, at any time prior to the conclusion of an arbitration hearing on the Claim, we make (and you do not accept within thirty (30) days) an offer in response to your Claim Notice that is more than the relief to which the arbitrator subsequently decides you are entitled, we will not be obligated under this Program to pay your attorney's fees, if any, accruing after the date such offer is made, notwithstanding any provision in this Program to the contrary.

### WHAT IF I AM NOT SATISFIED WITH THE RESPONSE TO A CLAIM NOTICE?

If you are not satisfied with the response you receive to a Claim Notice that you submit under the procedure set forth above and still wish to have an outside party decide the Claim, you must follow the arbitration procedure set forth below.

### HOW DOES THE ARBITRATION PROCESS BEGIN?

To start the arbitration process, the party wishing to make a Claim must select an "Administrator" and follow the Administrator's rules for starting the arbitration process. "Administrator" means:

- the American Arbitration Association ("AAA"), 1633 Broadway, 10th Floor, New York, NY 10019, www.adr.org, 800-778-7879;
- JAMS, 620 Eighth Avenue, 34th Floor, New York, NY 10018, www.jamsadr.com, 800.352.5267; or
- any other administrator selected by mutual agreement between you and us. If both AAA and JAMS cannot or will not serve and you and we are unable to select an Administrator by mutual consent, the Administrator will be selected by a court. Subject to the foregoing, the party initiating arbitration selects the Administrator.

**Note:  any Claim asserted by way of arbitration must be filed with the Administrator within the timeframe established by the statute of limitations governing such Claim under applicable law. This Program does not extend the statute of limitations period for any Claims.**

If a Claim has been asserted by way of a lawsuit, the party defending against the Claim may demand arbitration of the Claim by giving a written demand for arbitration. This notice may be given after a lawsuit has been filed and may be given in papers or motions in the lawsuit.

***WHAT HAPPENS AFTER THE ARBITRATION PROCESS BEGINS?***

Once the arbitration process starts, the Claim shall be resolved by way of a hearing before an arbitrator in accordance with the applicable rules of the Administrator, then in effect, for resolving employment-related disputes, and as further modified below. However, no arbitration may be administered in accordance with an Administrator's policies or procedures, whether formal or informal, that are inconsistent with the Class Action Waiver section of this Program addressing class and collective actions.

The arbitrator shall have the authority to resolve the Claim in accordance with the substantive law governing the Claim, and shall be authorized to consider and rule upon pre-hearing motions as well as dispositive motions. The arbitrator shall not process or rule on matters outside the scope of the Claim that is the subject of the arbitration.

**How is the arbitrator selected?**  The arbitrator will be appointed by the Administrator pursuant to the Administrator's rules and procedures for appointing arbitrators in employment dispute cases. However, unless the parties agree otherwise, the arbitrator must be a retired or former judge or a lawyer with at least 10 years of experience with employment-related claims.

**Can I have an attorney represent me?**  Any party may be represented by an attorney or other representative or by him or herself. However, you may not be represented by any of our employees who work for us in a supervisory capacity.

**Where will the arbitration hearing take place?**  Any arbitration hearing that you attend will take place in a location that is reasonably convenient for you.

**Who pays for the arbitration?**  The parties will pay arbitration costs and fees in accordance with the rules of the Administrator for resolving disputes under employer-promulgated arbitration programs. If you cannot obtain a waiver of the Administrator's or arbitrator's filing, administrative, hearing and/or other fees, we will consider in good faith any request by you for us to bear such costs. We will pay for our own attorneys, experts and witnesses. We also will pay the reasonable fees and charges of your attorneys, experts and witnesses if you win the arbitration, provided that the law governing your Claim provides for the award of such fees and charges against us. In addition, we will pay any other costs and fees we are required to pay by law or to the extent required in order to make this Program legally enforceable.

**Will there be discovery or depositions?**  Each party shall be entitled to draft and serve upon the other party one set of no more than twenty-five (25) interrogatories and one set of no more than twenty (20) requests for the production of documents in a form consistent with the Federal Rules of Civil Procedure governing the United States federal district courts. In addition, each party shall be entitled to take no more than three (3) depositions, each of which must be concluded within a period not exceeding seven (7) hours, with the following exception: we may take your deposition and you may take the deposition of one company representative or witness over one or more successive days, with each such deposition not exceeding ten (10) hours in total. Your deposition shall be scheduled and completed first before any other depositions may be conducted. Depositions shall take place at a location reasonably convenient for all parties and, to be used as evidence, must be recorded by a court reporter licensed in the jurisdiction where the deposition takes place, by stenographic means and/or videography at the cost of the party taking the deposition. Parties wishing to obtain copies of deposition transcripts must pay the cost of such copies as provided under the Federal Rules of Civil Procedure. Upon the request of a party, the arbitrator may order additional discovery consistent with the Administrator's rules and the expedited nature of arbitration.

**What relief can the arbitrator award?**  The arbitrator shall be authorized to award all remedies available under the substantive law applicable to the Claim, including, without limitation, compensatory, statutory and punitive damages (which shall be governed by the constitutional standards applicable in judicial proceedings), declaratory, injunctive and other equitable relief, and attorney's fees and costs. The arbitrator shall write an explanation of the factual findings and legal conclusions reached in issuing the award. The arbitrator will follow rules of procedure and evidence consistent with the FAA, this Program and the Administrator's rules.

**What is the effect of an Arbitration Award?**  Any federal court with jurisdiction may enter judgment upon the arbitrator's award. The arbitrator's award will be final and binding, except for: (1) any right to appeal under the Federal Arbitration Act, 9 U.S.C. §1 et seq. (the "FAA"); and (2) Claims resulting in an arbitration award of more than $100,000. For Claims involving more than $100,000, any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider anew any aspect of the initial award that is appealed. The panel's decision will be final and binding, except for any right to appeal under the FAA. The costs of any appeal will be borne in accordance with subsection above addressing who pays for the arbitration.

***CAN CLAIMS BE DECIDED BY CLASS OR COLLECTIVE ACTION?***

**No. This section describes the "Class Action Waiver" of the Program. Claims under this Program cannot be litigated by way of class or collective action. Nor may Claims be arbitrated by way of a class or collective action. All Claims between you and us must be decided individually. This means that, notwithstanding any other provision of this Program, if you or we elect to arbitrate a Claim, neither you nor we will have the right, with respect to that Claim, to do any of the following in court or before an arbitrator under this Program:**

- **initiate, participate in or obtain relief from a class action or collective action, either as a class representative, class member or class opponent;**
- **act as a private attorney general; or**
- **join or consolidate your Claim with the Claims of any other person.**

**Thus, the arbitrator shall have no authority or jurisdiction to process, conduct or rule upon any class, collective, private attorney general or multiple-party proceeding under any circumstances.**

***ARE THE ARBITRATION PROCEEDINGS CONFIDENTIAL?***

You and we agree that the arbitration proceedings are to be treated as confidential, and that you and we will act to protect the confidentiality of the proceedings. Neither you, we nor our respective attorneys/representatives in the arbitration proceeding will reveal or disclose the substance of the proceedings to any other person, except as required by the arbitration process, subpoena, court order, or other legal process. This restriction applies to any members of the public, and to any current, future or former employees of Raymour & Flanigan. If disclosure is compelled, you and we agree to notify the other as soon as notice of such compelled disclosure is received and before disclosure takes place. You may disclose the substance of the proceedings to your spouse/partner and to your accountant or financial advisor(s), if any, upon their agreement to maintain such information in strict confidence as set forth in this paragraph. Nothing in this paragraph limits our ability to disclose information regarding the arbitration proceedings internally or externally to those persons with a legitimate business reason to have access to such information.

### *WHAT LAW GOVERNS THE PROGRAM?*

Arbitration proceedings under this Program shall comply with and be governed by the provisions of the FAA and not by any state law concerning arbitration. In deciding the Claim, the arbitrator shall follow the substantive law applicable to the Claim (where state law applies, this shall be the law of the state where you work or worked for us) to the extent consistent with the FAA, applicable statutes of limitation and applicable privilege rules.

### *WHAT IF THIS PROGRAM CONFLICTS WITH THE LAW OR ADMINISTRATOR'S RULES?*

In the event of any conflict or inconsistency between this Program and the Administrator's rules, this Program will govern. If a determination is made by a court that the Class Action Waiver is unenforceable as to any Claims asserted on a class or collective basis, only this sentence of the Program will remain in force as to such Claims and the remaining provisions of this Program shall be null and void regarding such class or collective Claims only, provided further that: (i) the court's determination concerning the Class Action Waiver shall be subject to appeal; and (ii) this Program shall continue to apply to any and all other Claims, whether asserted on an individual, class or collective basis.

### *HOW LONG DOES THE PROGRAM LAST?*

This Program lasts for as long as you and we have Claims that we wish to assert against each other. The Program applies regardless of your employment status with us. Thus, it applies even after the termination of your employment with us. It further applies even if you or we file for bankruptcy (to the extent permitted by applicable law).

This Program is strictly limited to the terms and conditions herein and no variation in, or addition to, any of the terms, covenants or conditions set forth in this Program shall become part of this Program without our prior express written consent.