| | |
|---|---|
| **OUTTEN & GOLDEN LLP** | **FITAPELLI & SCHAFFER** |
| Justin M. Swartz | Joseph A. Fitapelli |
| Michael J. Scimone | Brian Scott Schaffer |
| 3 Park Avenue, 29th Floor | Eric Joshua Gitig |
| New York, New York 10016 | 475 Park Avenue South, 12th Floor |
| Telephone:  (212) 245-1000 | New York, New York 10016 |
| | Telephone: (212) 300-0375 |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONNIE PATTERSON, on behalf herself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>RAYMOURS FURNITURE COMPANY, INC.,<br><br>　　　　　　　Defendant. | No. 14 Civ. 5882 (VEC) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL
<u>RECONSIDERATION OF MARCH 27, 2015 ORDER</u>**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

PROCEDURAL HISTORY ..................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

CONCLUSION ........................................................................................................................ 4

**PRELIMINARY STATEMENT**

In its March 27, 2015 order, ECF No. 27 ("March 27 Order"), the Court granted Defendant Raymours Furniture Company, Inc.'s ("Raymours'") Motion to Compel Arbitration, ECF No. 14 ("Defendant's Motion"). Although Plaintiffs respectfully submit that the March 27 Order is incorrect in certain respects and reserve their appellate rights, the Court should reconsider one aspect of it now because, since the briefing on Defendant's Motion closed, Raymours has refused to proceed to arbitration of the claims asserted by David Ambrose ("Ambrose"), an individual who joined the case as an opt-in Plaintiff under the Fair Labor Standards Act ("FLSA").

**PROCEDURAL HISTORY**

Plaintiff Connie Patterson filed this class and collective action lawsuit on July 30, 2014. ECF No. 1, ¶ 1. On August 6, 2014, David Ambrose joined this lawsuit as an opt-in Plaintiff. ECF No. 6. On September 8, 2014, Raymours moved to compel arbitration of Plaintiffs' claims. ECF No. 14. Defendant's Motion was directed almost exclusively at Plaintiff Patterson, referring to Ambrose only in a footnote. *See* ECF No 15 at 21.

On September 25, 2014, Ambrose attempted to initiate Raymours' internal process that leads to arbitration. *See* Declaration of Justin Swartz in Support of Plaintiffs' Motion for Partial Reconsideration of March 27, 2015 Order ("Swartz Decl."), Ex A. On December 5, 2014, Raymours informed Ambrose that, in Raymours' view, his claims were untimely and refused to proceed with its internal process due to a provision in the arbitration agreement that requires all claims to be brought within six months, regardless of any statutory limitations period. *See* Swartz Decl., Ex. B.

On March 27, the Court granted Defendant's Motion. The Court did not address

Ambrose's claims or whether they must be arbitrated.

## ARGUMENT

The Court should partially reconsider the March 27 Order because compelling Ambrose to arbitration would eliminate his ability to vindicate his statutory rights. Reconsideration is appropriate when there is "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013. Here, there is new evidence that the March 27 Order will cause a manifest injustice.

The new evidence is that, despite the arbitration agreement that Raymours purports to enforce, it will not allow Ambrose to proceed to arbitration. *See* Swartz Decl. Ex. A. Given this development, which occurred after Defendant's Motion was fully briefed, the dismissal of this entire action (including Ambrose's claim) in favor of arbitration would be a manifest injustice that warrants reconsideration because it would leave Ambrose with no way to vindicate his statutory rights. He would not be able to bring them in court or in arbitration.

A central principle of the jurisprudence of arbitration under the Federal Arbitration Act ("FAA") is that arbitration must preserve a litigant's ability to "effectively . . . vindicate its statutory cause of action in the arbitral forum." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 637 (1985). Here, however, Ambrose cannot vindicate his claims at all if the Court compels him to arbitrate because Raymours has refused to participate in arbitration in the first place.

Raymours will claim that Ambrose cannot arbitrate because his claims are barred by the provision in the employee handbook that truncates the FLSA's two- or three-year statute of limitations to six months. However, this issue is not yet ripe. Ambrose should be allowed to

assert his claims and, when he does, Raymours can assert a statute of limitations affirmative defense based on the handbook language if it so chooses. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) ("The lapse of a limitations period is an affirmative defense that a defendant must plead and prove.")[1]

Given the new circumstances and that the briefing on Defendant's Motion and the March 27 Order focused on Plaintiff Connie Patterson, not Ambrose, the Court should reconsider the March 27 Order and deny Defendant's Motion with respect to Ambrose, dismiss Ambrose's claims without prejudice with tolling intact from the time that he joined this case, and allow Ambrose 30 days to re-file his own action elsewhere.

In the alternative, Plaintiffs respectfully request that the Court deny Defendant's Motion as to Ambrose, retain jurisdiction over Ambrose's claims, and allow him to continue to litigate them before this Court.

---

[1] This defense will fail because, although some courts have held that, in some circumstances, statutes of limitations can be contractually altered, these circumstances are not present here. In almost every case upholding a contractually altered statute of limitations, the only effect of the contractual limitations was to provide a shorter time to file a claim, not to reduce the value of the claim or eliminate a portion of it. *See, e.g., Kasraie v. Jumeirah Hospitality & Leisure (USA), Inc.*, No. 12 Civ. 8829, 2013 WL 5597121, at *6 (S.D.N.Y. Oct. 10, 2013), *appeal dismissed* (Feb. 28, 2014) (enforcing shortened limitations period in case involving ERISA claims); *Drum Major Music Entm't Inc. v. Young Money Entm't, LLC*, No. 11 Civ. 1980, 2012 WL 423350, at *2 (S.D.N.Y. Feb. 7, 2012) (upholding provision limiting statute of limitations for breach of contract action); Swartz Decl. Ex. C, *Friedman v. Raymour Furniture Co., Inc.*, No. 12 Civ. 1307 (E.D.N.Y., Oct. 16, 2012) (enforcing six-month limitation as applied to age and disability discrimination claims). Here, the purported shortened statute of limitations eliminates claims altogether because under the FLSA, where the liability accrues with every paycheck, a truncated statute of limitations lops off a portion of the value of the claim. Such a provision is unenforceable because claims under the FLSA may not be waived. *See Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate" (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) ("to allow waiver of statutory wages by agreement would nullify the purposes of the Act."))). Courts have refused to enforce such provisions in wage and hour cases. *See Boaz v. FedEx Customer Info. Servs., Inc.*, 725 F.3d 603, 607 (6th Cir. 2013) (six-month limitation on claims contained in employment contract operated as a waiver of FLSA claims and was invalid).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order pursuant to Local Civil Rule 6.3 or Federal Rule of Civil Procedure 59(e) modifying the March 27, 2015 Order to (1) order that Ambrose's claims are dismissed without prejudice; (2) order that Ambrose's claims will be tolled for 30 days and (3) order such other relief as the Court deems appropriate.

Dated:      April 13, 2015
            New York, New York

                                    Respectfully submitted,

                                    **OUTTEN & GOLDEN LLP**
                                    By:

                                    /s/ Justin M. Swartz
                                    Justin M. Swartz

                                    **OUTTEN & GOLDEN LLP**
                                    Justin M. Swartz
                                    Michael J. Scimone
                                    3 Park Avenue, 29th Floor
                                    New York, New York 10016
                                    Telephone:  (212) 245-1000

                                    **FITAPELLI & SCHAFFER**
                                    Joseph A. Fitapelli
                                    Brian Scott Schaffer
                                    Eric Joshua Gitig
                                    475 Park Avenue South, 12th Floor
                                    New York, New York 10016
                                    Relephone: (212) 300-0375